IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RACHAEL L. FRITTS, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNIONTOWN AREA SCHOOL | ) | |
| DISTRICT, DONALD GMITTER, | ) | |
| ROBERT MANGES, | ) | |
| DEBORAH RITTENHOUSE, | ) | |
| DANIEL BOSNIC, | ) | |
| HEATHER SEFCHEK and | ) | |
| JEREMY BRAIN, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | Electronically Filed. |

COMPLAINT IN A CIVIL ACTION

COMES NOW, the Plaintiff, RACHAEL L. FRITTS, by and through her attorneys,

LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A.

TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and hereby files this

Complaint in a Civil Action as follows:

JURISDICTION AND VENUE

1.      This is an action to redress the deprivation by the Defendants of the Plaintiff's civil

rights, and in particular, the right to be free from illegal, invidious and damaging discrimination

in her employment, which rights are guaranteed by the Constitution of the United States and the

laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act

of 1964, 42 U.S.C. § 2000e, et seq. (as amended) ("Title VII") and the Civil Rights Act of 1991

(as amended), as well as 42 U.S.C. § 1983 and pendent state law claims.

2.      Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. § 2000e.  The Court has jurisdiction over Plaintiff's state law claims under the doctrine of Pendant Jurisdiction.

3.      Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4.      Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

A.      Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about January 31, 2017, and said charges were cross-filed with the Pennsylvania Human Relations Commission ("PHRC");

B.      The EEOC issued a Notice of Dismissal and Right to Sue Letter dated July 6, 2017, and;

C.      Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

PARTIES

5.      Plaintiff, Rachael L. Fritts, is an adult female who resides in Fayette County, Pennsylvania.

6.      Defendant, Uniontown Area School District ("District"), is a local government entity and/or political subdivision existing by the laws of the Commonwealth of Pennsylvania with administrative offices located at 205 Wilson Avenue, Uniontown, Pennsylvania 15401.

7.      Defendant District is and, at all times relevant hereto, has been, an employer in an industry affecting commerce within the meaning of Section 701(b) of the Civil Rights Act of 1964 (as amended), 42 USC 2000(e)(b), and is thus covered by the provisions of Title VII.

8.    Defendant, Donald Gmitter ("Gmitter"), is an adult resident of Fayette County. Defendant Gmitter was employed by Defendant District as its security officer at all times relevant to this Complaint.

9.    Defendant, Robert Manges ("Manges"), is an adult resident of Fayette County. Defendant Manges was employed by Defendant District as principal of Uniontown High School at all times relevant to this Complaint.

10.    Defendant, Deborah Rittenhouse ("Rittenhouse"), is an adult resident of Fayette County. Defendant Rittenhouse was employed by Defendant District as curriculum coordinator at all times relevant to this Complaint.

11.    Defendant, Daniel Bosnic ("Bosnic"), is an adult resident of Fayette County.  Defendant Bosnic was employed by Defendant District as assistant superintendent at all times relevant to this Complaint.

12.    Defendant, Heather Sefchek ("Sefchek"), is an adult resident of Fayette County. Defendant Sefchek was employed by Defendant District as assistant principal of Uniontown High School at all times relevant to this Complaint.

13.    Defendant, Jeremy Brain ("Brain"), is an adult resident of Fayette County.  Defendant Brain was employed by Defendant District as a teacher at Uniontown High School at all times relevant to this Complaint

14.    At all times relevant hereto, Defendant District was acting through its agents, subsidiaries, officers, employees and assigns acting within the full scope of their agency, office, employment or assignment.

FACTUAL ALLEGATIONS

15.     Plaintiff has been employed by Defendant District as a math teacher at Lafayette Middle School since in or about 2007.

16.     On or about September 28, 2016, several high school students were questioned by Defendant Gmitter, in the presence Defendants Manges, Rittenhouse and Bosnic, regarding a pornographic image of a man and a woman engaging in sexual relations that had been circulated amongst the student body.

17.      Plaintiff was informed by a former student that this investigation was being conducted, and that the individual Defendants specifically wanted to determine whether or not Plaintiff appeared in the image.  Plaintiff was further informed that during the Defendants' investigation, the students interviewed were specifically asked whether or not they possessed nude photographs of the Plaintiff.

18.      Plaintiff was not informed of the investigation until September 30, 2016, when she was summoned to a meeting with Defendants Gmitter, Rittenhouse, Bosnic, Manges and Sefchek. Plaintiff's union representative was also present.

19.     At this meeting, Defendants Gmitter, Rittenhouse, Bosnic, Manges and Sefchek questioned the Plaintiff about providing inappropriate content, including, but not limited to, nude photos or photos depicting a sex act, to students.

20.     Plaintiff was then interrogated by Defendants Gmitter, Rittenhouse, Bosnic, Manges and Sefchek for two (2) hours on private and sensitive topics including, but not limited to, whether Plaintiff had engaged in sexual relations with several of her male colleagues, including, but not limited to, Defendant Brain, whom the Plaintiff had breifly dated.

21.    Plaintiff has never provided inappropriate content, including, but not limited to, nude photos or photos depicting a sex act, to students.

22.    On or about October 3, 2016, other employees of Defendant District were interviewed by Defendants Gmitter, Rittenhouse, Bosnic, Manges and Sefchek about the pornographic image. During these interviews, Defendants Gmitter, Rittenhouse, Bosnic, Manges and Sefchek posed questions to Defendant District's employees which implied that Plaintiff was engaged in inappropriate sexual relationships with one or more of her male colleagues at Defendant District.

23.    Defendant District also confiscated multiple student cell phones in connection with the investigation.  One or more of the individual Defendants expressly informed those students that Defendant District was specifically searching for nude pictures of the Plaintiff.

24.    During the investigation, a student informed the Defendant District's administration that Defendant Brain had told students that Plaintiff appeared in the pornographic image.

25.    Plaintiff believes, and therefore avers, that Defendant District failed to conduct a full, complete and proper investigation into the above allegation against Defendant Brain, and failed to discipline Defendant Brain in any way.

26.    On or about October 17, 2016, Defendant Gmitter informed Plaintiff that Defendant District had knowledge that Plaintiff did not appear in the image, as it had been proven that the image had been taken from a pornographic film.

27.    Despite the fact that the Defendants knew that Plaintiff was not the individual in the subject image, Plaintiff was informed by both Defendants Rittenhouse and Bosnic that the investigation was ongoing and that various students had yet to be interviewed.

28.     Plaintiff believes, and therefore avers, that Defendants Gmitter, Manges, Rittenhouse, Bosnic and Sefchek acted in conspiracy with each other to maliciously and unjustifiably invade Plaintiff's privacy and deprive Plaintiff of her constitutional rights.

29.     On or about November 14, 2016, Defendant Bosnic informed Plaintiff that the Defendant District's investigation into the pornographic image was concluded.  At the time of the conclusion of the investigation, the Defendant District still had not conducted a full, complete and proper investigation into the above-described claims against Defendant Brain or disciplined Defendant Brain in any way.

30.     As a result of the Defendants' conduct, Plaintiff was subjected to excessive scrutiny, harassment and discrimination.

31.     Moreover, Plaintiff was treated less favorably than a similarly situated male employee, Defendant Brain, in that he was not subjected to a full, complete and proper investigation, nor was he disciplined in any way for his conduct.

32.     As a result of the actions of Defendants Gmitter, Manges, Rittenhouse, Bosnic and Sefchek, the allegations against the Plaintiff became public knowledge.  The manner in which Defendants conducted their investigation, by expressly informing students that they were searching for nude photos of the Plaintiff and by interrogating the Plaintiff and other District employees regarding intimate details relating to Plaintiff's sexual relationships, implied that Plaintiff was at fault.

33.     Plaintiff was subjected to hostile phone calls from parents of students, her personal relationship with her husband suffered and her professional relationships with her colleagues were damaged as a result of Defendants' public attacks on Plaintiff's reputation.

34.     Defendants' actions also damaged Plaintiff's professional and personal reputation amongst students, parents of students and in the community at large.

35.     Plaintiff suffered, and continues to suffer, severe emotional distress and physical ailments as a result of Defendants' unlawful actions.  Plaintiff sought medical treatment from a healthcare provider because of the mental anguish and physical harm she suffered as a result of Defendants' conduct.

## COUNT I:

### PLAINTIFF V. DEFENDANT DISTRICT

### SEX DISCRIMINATION

36.     Plaintiff incorporates by reference Paragraphs 1 through 35 as though fully set forth at length herein.

37.      As described hereinbefore above, Plaintiff was discriminated against based upon her sex in that she was treated in a manner different than and disparate to that of a similarly situated male employee, namely, Defendant Brain.

38.     As a direct result of the Defendant District's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, as described above, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, loss of reputation, humiliation and embarrassment.

39.     The actions of Defendant District, through its employees, as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

40.    The actions on the part of Defendant District, through its employees, are part of a plan, practice or pattern of discrimination, which affects others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff respectfully prays that judgment be entered in her favor against Defendant District, and that the Court:

a.    enter a judgment declaring the Defendant District's actions to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

b.    that the Court  award the Plaintiff compensatory and punitive damages as a result of the Defendant District's violation of the Civil Rights Act of 1991;

c.    that the Court order Defendant District to pay pre and post-judgment interest on any award given to the Plaintiff;

d.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

e.    that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT II:

PLAINTIFF v. DEFENDANT DISTRICT

SEXUAL HARASSMENT

41.    Plaintiff incorporates Paragraphs 1 through 40 as though fully set forth at length herein.

42.    As described hereinbefore above, Plaintiff was subjected to a pervasive, continuous course of sexually harassing conduct.  The sexual discrimination, harassment and hostility at Plaintiff's workplace was repeated, regular, severe and/or pervasive.

43.   Members of Defendant District's administration were aware of the above-described conduct and through their actions and inactions condoned and actually participated in this hostile work environment.

44.   As a direct result of the Defendant District's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, as described above, the Plaintiff has suffered emotional, psychological, and physical distress, inconvenience, loss of reputation, humiliation and embarrassment.

45.   The actions of Defendant District, through its employees, as aforementioned were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

46.   The actions on the part of Defendant District, through its employees, are part of a plan, practice or pattern of discrimination which affects others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff respectfully prays that judgment be entered in her favor against Defendant District, and that the Court:

    a.    enter a judgment declaring the Defendant District's actions to be unlawful and violative of Title VII of the Civil Rights Acts of 1964 and 1991;

    b.    that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant District's violation of the Civil Rights Act of 1991;

    c.    that the Court order Defendant District to pay pre and post-judgment interest on any award given to the Plaintiff;

    d.    that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

e.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

COUNT III:

PLAINTIFF v. DEFENDANT DISTRICT

PENNSYLVANIA HUMAN RELATIONS ACT

47.     Plaintiff incorporates Paragraphs 1 through 46 as though fully set forth at length herein.

48.     This is an action arising under the provisions of Pennsylvania law, to wit, Title 43 P.S. Section 951, et seq. (The "Pennsylvania Human Relations Act") and this Court has, and should exercise, pendent jurisdiction over the same because the cause of action complained of in this Count arises out of the same facts, events and circumstances as the other counts and therefore judicial economy and fairness to the parties dictate that this count be brought in the same Complaint.

49.     As described hereinbefore above, Plaintiff was discriminated against based upon her sex in that she was treated in a manner, which is different than and disparate to that of a similarly situated male employee.

50.     By discriminating against the Plaintiff without just cause or legal excuse and solely because of her sex, and by permitting the discrimination against the Plaintiff as aforementioned, Defendant District has violated the provisions of Title 43 P.S. Section 955 which prohibits discrimination based upon sex with as well as prohibiting the aiding and abetting of such discrimination.

51.     As a direct result of the Defendant District's discriminatory actions and violations of the PHRA, the Plaintiff has incurred counsel fees and other costs in pursuing her legal rights.  The

10

Plaintiff has also suffered from and continues to suffer emotional distress, inconvenience, humiliation, defamation of character, loss of standing among her peers and stress.

52.     As more fully set forth hereinabove, the Plaintiff has suffered, directly and solely as a result of the Defendant District's discriminatory actions, pain, inconvenience, damage to Plaintiff's reputation, and other damages which, together with the forgoing, may be permanent in nature.  Plaintiff now suffers these damages, and will continue to suffer the same for the indefinite future.

53.     The actions on the part of Defendant District, through its employees, were intentional and willful and/or done with a reckless disregard of the Plaintiff.

WHEREFORE, Plaintiff respectfully requests the following:

a.     that the Court enter a judgment declaring Defendant District's actions to be unlawful and violative of the PHRA;

b.     that the Court award the Plaintiff compensatory damages as a result of the Defendant District's actions being unlawful and violative of the PHRA;

c.     that the Court award the Plaintiff pre-judgment and post-judgment interest from the date of the discrimination;

d.     that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

e.     that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED

11

COUNT IV:

PLAINTIFF v. DEFENDANTS DISTRICT, GMITTER, MANGES,
RITTENHOUSE, BOSNIC AND SEFCHEK

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS,
SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT
OF THE UNITED STATES CONSTITUTION

<u>INVASION OF PRIVACY</u>

54.     Plaintiff incorporates Paragraphs 1 through 53 as though fully set forth at length herein.

55.     Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants District, Gmitter, Manges, Rittenhouse, Bosnic, Sefchek and Brain for violations of Plaintiff's constitutional rights under color of law.

56.     At all times relevant hereto, pursuant to 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution, the Plaintiff had the right be free from an unjustifiable intrusion into her privacy.

57.     As described hereinbefore above, Plaintiff's privacy rights were violated when Plaintiff was interrogated by the individual Defendants on private and sensitive topics including, but not limited to, whether Plaintiff had engaged in sexual relations with several of her male colleagues and when other employees of Defendant District were interviewed by the individual Defendants about Plaintiff's private sexual relationships, thereby insinuating wrongdoing on the part of the Plaintiff.

58.     The individual Defendants named above committed these acts by using the apparent authority of their positions with Defendant District.

59.     The actions of the individual Defendants were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants to punitive damages.

12

60. As a direct and proximate result of the acts mentioned hereinbefore above perpetuated by the Defendants, Plaintiff suffered the following injuries and damages:

    a.      violation of her constitutional rights under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution;

    b.      emotional trauma and suffering;

    c.      loss of reputation; and

    d.      economic damages related to any and all consequential costs.

WHEREFORE, the Plaintiff demands compensatory general damages against Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law, punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT V:

PLAINTIFF v. DEFENDANTS GMITTER, MANGES, RITTENHOUSE, BOSNIC AND SEFCHEK

VIOLATION OF PLAINTIFF'S CONSTITUTIONAL RIGHTS, SPECIFICALLY, §1983 AND THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

CONSPIRACY

61. Plaintiffs incorporate by reference Paragraphs 1 through 60 as though fully set forth at length herein.

62. Plaintiff claims damages for the injuries set forth herein under 42 U.S.C. §1983 against Defendants Gmitter, Manges, Rittenhouse, Bosnic and Sefchek for violations of Plaintiff's constitutional rights under color of law.

13

63.     The aforementioned actions of Defendants Gmitter, Manges, Rittenhouse, Bosnic and Sefchek constituted a conspiracy to deny Plaintiffs their constitutional rights as aforementioned, thereby violating 42 U.S.C. §1983.

64.     Defendants, individually and in conspiracy with each other, intentionally targeted and injured the Plaintiff when Plaintiff was interrogated by the individual Defendants on private and sensitive topics including, but not limited to, whether Plaintiff had engaged in sexual relations with several of her male colleagues and when other employees of Defendant District were interviewed by the individual Defendants about Plaintiff's private sexual relationships, thereby insinuating wrongdoing on the part of the Plaintiff.

65.     The Defendants named above committed these acts by using the apparent authority of their positions with Defendant District.

66.     The actions of the individual Defendants were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants to punitive damages.

67.     As a direct and proximate result of the acts mentioned hereinbefore above perpetuated by the Defendants, Plaintiff suffered the following injuries and damages:

   a.     violation of her constitutional rights under 42 U.S.C. §1983 and the Fourteenth Amendment to the United States Constitution;

   b.     emotional trauma and suffering;

   c.     loss of reputation; and

   d.     economic damages related to any and all consequential costs.

   WHEREFORE, the Plaintiff demands compensatory general damages against Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs

14

of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law, punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

COUNT VI:

PLAINTIFF v. ALL INDIVIDUAL DEFENDANTS

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

68.     Plaintiff incorporates Paragraphs 1 through 67 as though fully set forth at length herein.

69.     The aforementioned willful misconduct of Defendants Gmitter, Manges, Rittenhouse, Bosnic, Sefchek and Brain constituted extreme and outrageous conduct.  As a direct and proximate result of said conduct Plaintiff suffered, and continues to suffer, severe emotional distress and physical injury.

70.     As a direct and proximate result of the intentional conduct of Defendants Gmitter, Manges, Rittenhouse, Bosnic, Sefchek and Brain, Plaintiff suffered, and will continue to suffer for an indefinite period into the future, great pain, suffering, inconvenience, mental anguish, emotional distress and physical injury including, but not limited to, psychological problems, embarrassment, inconvenience and humiliation to the extent that her general health and vitality are impaired and may continue to be impaired for an indefinite time into the future.

71.     The actions of Defendants Gmitter, Manges, Rittenhouse, Bosnic, Sefchek and Brain were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants to punitive damages.

72.   As a direct and proximate result of the acts mentioned hereinbefore above committed by the Defendants, Plaintiff suffered the following injuries and damages:

a.   violation of her rights under Pennsylvania Common Law;

b.   emotional trauma and suffering;

c.   loss of reputation; and

d.   economic damages related to any and all consequential costs.

WHEREFORE, the Plaintiff demands compensatory general damages against Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law, punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED


COUNT VII:

PLAINTIFF v. ALL INDIVIDUAL DEFENDANTS

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

FALSE LIGHT

73.   Plaintiffs incorporate by reference Paragraphs 1 through 72 as though fully set forth at length herein.

74.   Defendants Gmitter, Manges, Rittenhouse, Bosnic, Sefchek and Brain made false and misleading statements about the Plaintiff, as described more fully above.

75.   Plaintiff has never shared any inappropriate information with students, nor has Plaintiff ever appeared in any pornographic images.

16

76.     These statements cast Plaintiff in a poor and false light to members of her community and otherwise defamed Plaintiff's character.

77.     The actions of Defendants Gmitter, Manges, Rittenhouse, Bosnic, Sefchek and Brain were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants to punitive damages.

78.     As a direct and proximate result of the acts mentioned hereinbefore above perpetuated by the Defendants, Plaintiff suffered the following injuries and damages:

      a.     violation of her rights under Pennsylvania Common Law;

      b.     emotional trauma and suffering;

      c.     loss of reputation; and

      d.     economic damages related to any and all consequential costs.

WHEREFORE, the Plaintiff demands compensatory general damages against Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as permitted by law, punitive damages against the individual Defendants; and such other relief, including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

COUNT VIII:

PLAINTIFF v. ALL INDIVIDUAL DEFENDANTS

VIOLATION OF PLAINTIFF'S
PENNSYLVANIA COMMON LAW RIGHTS

SLANDER

79.    Plaintiffs incorporate by reference Paragraphs 1 through 78 as though fully set forth at length herein.

80.    Defendants Gmitter, Manges, Rittenhouse, Bosnic, Sefchek and Brain made false and misleading statements about the Plaintiff, as described more fully above.  Defendants published these statements to students and various employees of Defendant District.

81.    As a result of the false and misleading statements made by the individual Defendants, Plaintiff suffered personal humiliation and irreparable damage to her reputation.

82.    The actions of Defendants Gmitter, Manges, Rittenhouse, Bosnic, Sefchek and Brain were willful, wanton and/or done with a reckless disregard for the rights of the Plaintiff, thereby subjecting the individual Defendants to punitive damages.

83.    As a direct and proximate result of the acts mentioned hereinbefore above perpetuated by the Defendants, Plaintiff suffered the following injuries and damages:

    a.    violation of her rights under Pennsylvania Common Law;

    b.    emotional trauma and suffering;

    c.    loss of reputation; and

    d.    economic damages related to any and all consequential
           costs.

WHEREFORE, the Plaintiff demands compensatory general damages against Defendants in the amount proven at trial; compensatory special damages including, but not limited to, costs

18

of suit, reasonable attorney's fees as permitted by law, pre- and post-judgment interest as

permitted by law, punitive damages against the individual Defendants; and such other relief,

including injunctive and/or declaratory relief, as this Court may deem proper.

JURY TRIAL DEMANDED

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Three Gateway Center, Suite 1700
401 Liberty Avenue
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: September 26, 2017